## BOARD SUPERVISORS VAN BUREN CO. VS. MATTOX.

1. OFFICE: *Power of the Legislature to abolish the office of Judge, etc.*
   The provision of the Constitution of 1868 prohibiting the Legislature from interfering with the term of office of any Judge, did not deprive the Legislature of the power to abolish the office and thereby put an end to the term.

2. SALARY: *Ceases after the office is abolished.*
   When an office is abolished the salary of the officer terminates.

APPEAL from *Van Buren* Circuit Court.

Hon. W. N. MAY, Circuit Judge.

*J. M. Moore*, for appellant.

There is no vested right in an office to preclude its abolishment.    44 Ga., 463; 20 How. (U. S.), 414; 13 Wend.; 6 Sergt. & R., 322; 5 ib., 418; 44 Miss., 352; 25 Iowa, 538; 11 La. Ann., 439; Cooley's Const. Lim., 276 and notes; art. 7, sec. 5, Const. of 1868.

This term of office expired in 1873.    Art. 15, sec. 18, Const. of 1868.

*Coody*, for appellee.

Mandamus is a writ of right.    Appeal does not lie.    8 Ark., 424; 6 ib., 9; 7 ib., 293.

If Constitutional office, Legislature could not interfere with the term.    6 Am. Repts., 698 and 754; 65 N. C., 603; *Nugent*

v. *State*, 18 Ala., 521 ; *Bloomer* v. *Stolley*, 5 McLean, 161 ; *Butler* v. *Pennsylvania*, 10 Howard (U. S.), 402 ; *Comm.* v. *Munn*, 5 Watts & Serg., 418 ; *Corner* v. *N. Y.*, 2 Sandf., 355 ; Cooley's Const. Lim., pp. 125–6 and 276 ; Const. '68, art. 7, sec. 5 ; 3 Ark., 285 ; 5 Ark., 536 ; 11 Ark., 44 ; *State* v. *Floyd*, 9 Ark., 313–14–15 and 16 ; 10 Ind., 99 ; 3 Met. (Ky.), 237 ; 3 Gray (Mass.), 126 ; 2 Denio, 272. Probate not an inferior court. 11 Ark., 519.

WALKER, J.:

Mattox filed his petition in the Van Buren Circuit Court, praying that a mandamus might be issued against the Supervisors of Van Buren county to compel them to allow him the sum of $333.33, which he claimed to be due him as judge of the County Court of that county.

The Circuit Court overruled a demurrer to the petition, and granted a mandamus to compel such sum to be paid.

The Supervisors have appealed.

There is no question but that Mattox was, when the County Court system was abolished by an act of the Legislature, County Judge, and up to the time court was abolished was entitled to his salary, but the real and only question is, was he entitled to such salary after the court was abolished, of which he was judge.

If the act of the Legislature, which abolished the County Court system, was Constitutional, then as there was no court, there could be no judge and no salary due. The provision in the Constitution relied upon as protecting the incumbent in office until the time for which he was elected expired, is the proviso in the 5th sec., of the 7th article, of the Constitution, which provides that the "General Assembly shall not interfere with the term of office of any judge," and it is contended for Mattox that, to abolish the court, is indirectly to interfere with the term of office, and consequently unconstitutional.

The section first provides that the inferior courts of the State, until otherwise provided, shall remain as then constituted; "*Provided*, That the General Assembly may provide for the establishment of such inferior courts, changes of jurisdiction or abolition of existing inferior courts, as may be deemed requisite." In the exercise of this power to legislate, suppose the Legislature, under their power to create new courts, to subserve the public interest, had abolished the then existing courts, shall it be said that the officers of the abolished courts were intended to be held in office, and receive salaries until their terms of office expired? We think not, but had the Legislature, under its power, altered or changed the jurisdiction of the courts, then such change might have been made without a change of officers, and would not have been in conflict with that clause in the section which forbids that the General Assembly shall interfere with the term of office. With this limitation, and to this extent, the latter clause may stand in harmony with the other provisions of the sections.

But when the court is abolished, as was the case in this instance, there was no longer an office to fill, no officer, no services to render, and no fees due.

The judgment and decision of the court below must be reversed and set aside, and the suit dismissed.